Filed 1/26/23 P. v. Zamora CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ISRAEL GUTIERREZ ZAMORA,<br><br>    Defendant and Appellant. | G061537<br><br>(Super. Ct. No. 16CF1903)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Michael A. Leversen, Judge. Affirmed.

Richard Jay Moller, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*    \*    \*

This is the third time Israel Gutierrez Zamora's case has come before us.

In a first amended information filed on March 20, 2017, Zamora was charged with nine felonies: count 1: attempted kidnapping (Penal code,[1] §§ 664, subd. (a), 207, subd. (a)); count 2: assault with a semiautomatic firearm (§ 245, subd. (b)); count 3: assault with a deadly weapon (§ 245, subd. (a)(1)); count 4: attempted murder (§§ 664, subd. (a), 187, subd. (a)); count 5: kidnapping (§ 207, subd. (a)); count 6: assault with a firearm (§ 245, subd. (a)(2)); count 7: shooting at an occupied vehicle (§ 246); count 8: criminal threats (§ 422(a)); and count 9: dissuading a witness by force or threat (§ 136.1, subd. (c)(1)).

In addition, the information alleged that, as to count 1, Zamora personally used a firearm (§ 12022.53, subd. (b)); as to counts 4 and 5, he personally discharged a firearm (§ 12022.53, subd. (c)); and as to counts 2, 6, 7, and 8, he personally used a firearm (§ 12022.5, subd. (a)). The information also alleged Zamora had suffered prior felony convictions.

In 2017, a jury convicted Zamora of all charges except count 3. The jury also rejected the firearm allegation related to count 5. The trial court sentenced Zamora to 98 years to life in prison. In an unpublished opinion in 2019 (*People v. Zamora* (Dec. 20, 2019, G055827) [nonpub. opn.] (*Zamora 1*)), we affirmed the convictions but remanded the case for resentencing.

The trial court thereafter resentenced Zamora; he again appealed. In 2022, this time in a published opinion, we affirmed the trial court's decision related to the release of juror identifying information, and again remanded the matter for resentencing (*People v. Zamora* (2022) 73 Cal.App.5th 1084) (*Zamora 2*)). On June 21, 2022, the parties submitted a stipulation to the trial court in which they agreed Zamora's sentence

---

[1] All further statutory references are to the Penal Code unless otherwise noted.

2

of 98 years to life should be vacated, and he should instead be sentenced to no more than 64 years and 6 months to life. The court accepted the stipulation. At a new sentencing hearing, conducted the same day, the trial court sentenced Zamora to the maximum permitted pursuant to the stipulation—64 years and 6 months to life.

Zamora now appeals from that sentence.

We once again appointed counsel to represent Zamora on appeal. After conducting his analysis of potential appellate issues, appointed counsel informed us in his declaration that he had reviewed the entire record, and consulted with Zamora's trial counsel and a staff attorney at Appellate Defenders, Inc. Counsel then filed a brief pursuant to the procedures set forth in *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, suggesting he found no viable appellate issue. While not arguing against his client, counsel set forth the facts of the case and asked this court to conduct its own independent review of the appellate record. Counsel also advised Zamora of his right to file a written argument on his own behalf; he has not done so. Although defendant has not filed a supplemental brief, we exercise our discretion to conduct an independent review of the record. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 232.)

**FACTS**

Because this appeal does not relate directly to Zamora's convictions, we need only incorporate a brief summary of the underlying facts taken from *Zamora 1*.

"Zamora's charges were based on three separate incidents involving the same victim, J. Hernandez. In the first incident, Zamora and Hernandez were drinking together and got into a fist fight. During the fight, Zamora threatened Hernandez with a gun and unsuccessfully attempted to force Hernandez into his car; Hernandez escaped.

"The second incident occurred a few months later, when Hernandez was driving and Zamora walked into the street and began shooting at him, with several bullets

hitting Hernandez's car. Hernandez crashed and took off running but Zamora followed him and told him to get into his car. Hernandez agreed, and the two of them spent the rest of the day together. Later that evening, Zamora threatened to kill Hernandez.

"The third incident occurred a few weeks later when Zamora went to Hernandez's house and threatened to hurt Hernandez or his family if Hernandez talked to the police." *(Zamora* 1, *supra*, G055827).

## DISCUSSION

Although appellate counsel "urges no specific contentions as grounds for relief," he suggests in his brief that we consider one issue: "Did the court abuse its discretion by declining to strike any of the firearm enhancements without explanation?"

We have considered this issue and find it to be without merit. We find nothing in the record to suggest the trial judge misunderstood the standards that applied to Zamora's resentencing, or that he misapplied any applicable rule. As a result of his familiarity with Zamora, his criminal history, and the facts of this case, the judge apparently decided to give Zamora the full benefit of the stipulation entered into by the parties, but nothing more. There is nothing in the record before us to suggest this decision involved any abuse of discretion.

We have likewise examined the entire record in this case and, like counsel, found no other arguable issue on appeal.

4

## DISPOSITION

The judgment is affirmed.


GOETHALS, J.

WE CONCUR:


BEDSWORTH, P. J.


MOTOIKE, J.